OPINION
{¶ 1} Defendant-Appellant, Cynthia Devore, appeals a judgment of the Logan County Juvenile Court, convicting her of failure to yield the right of way after stopping at a stop sign in violation of R.C. 4511.43(A). Devore maintains that her conviction was in error because there was an obstruction blocking her view of the road that made it impossible for her to perceive the vehicle she hit. Furthermore, she maintains that the trial court erred by referencing an inapplicable section of the Ohio Revised Code, R.C. 4511.43(B).
 {¶ 2} After reviewing the entire record before us, we find that the trial court considered Devore's impossibility defense and made specific factual findings that Devore's view of the road was not obstructed. We also find that the trial court did not rely on R.C. 4511.43(B) in convicting Devore. Accordingly, both of Devore's assignments of error are overruled, and the judgment of the trial court is affirmed.
 {¶ 3} On September 20, 2003, around 11:30 p.m., Devore was driving north in a passenger vehicle on State Route 245 ("S.R. 245") when she approached a stop sign at the intersection of S.R. 245 and State Route 287 ("S.R. 287"). After coming to a complete stop, Devore pulled into the intersection and struck another passenger vehicle that was traveling east on S.R. 287. The vehicle that Devore struck had the right of way and was traveling at a lawful speed.
 {¶ 4} Emergency personnel were dispatched to the scene in response to the accident. Ohio State Highway Patrol Trooper Timothy Jones was among the emergency personnel. Trooper Jones investigated the scene of the accident and found that there were no obstructions hindering the view of the roadway from the point where Devore had stopped. Based on these observations, Devore was cited with failure to yield the right of way at a stop sign in violation of R.C 4511.43(A).
 {¶ 5} A bench trial was held on this charge in March of 2004. At trial, Devore attempted to present the defense of impossibility. She claimed that a piece of paving equipment parked alongside S.R. 287 had obstructed her view of the road. She maintained that the obstructed view had made it impossible for her to see the vehicle that she had struck.
 {¶ 6} After considering Devore's defense and all of the evidence presented at trial, the court found that Devore's view of S.R. 287 had not been obstructed by the paving equipment. Accordingly, the trial court rejected Devore's impossibility defense, and Devore was convicted for failing to yield the right of way at a stop sign. From this judgment of conviction Devore appeals, presenting two assignments of error for our review.
 Assignment of Error I The trial court erred in determining Appellant failed to yieldthe right of way.
 Assignment or Error II The trial court erred in basing its decision in part on thestandards or tests of O.R.C. 4311.43(B) when Appellant was onlycharged with a violation of O.R.C. 4311.43(A).
 Assignment of Error I {¶ 7} In her first assignment of error, Devore maintains that the trial court erred by convicting her of failure to yield the right of way at a stop sign. She claims that a piece of paving equipment obstructed her view of S.R. 287 and caused her to not see the vehicle that she hit. Thus, she asserts that this obstruction made it impossible for her to "fail to yield" and that, as a matter of law, she should not have been found guilty for failing to yield to a vehicle that was obstructed from her view. This assignment of error fails to recognize the factual findings made by the trial court.
 {¶ 8} After the close of all of the evidence, the trial court considered Devore's defense and found that the paving equipment had not blocked Devore's view of the road. Contrary to Devore's assignment of error, the trial court did not reject the legal basis of her impossibility defense; rather, the trial court rejected the factual basis of her theory by finding that nothing had obstructed her view of S.R. 287 the night of the accident. Accordingly, we must review the trial court's relevant factual findings to determine whether they are supported by the record.
 {¶ 9} The trier of fact "is in the best position to determine questions of fact and evaluate the credibility of witnesses."State v. Brentlinger, 3rd Dist. No. 13-04-10, 2004-Ohio-4529, at ¶ 17, citing State v. Smith, 3rd Dist. No. 13-02-16, 2002-Ohio-5745, at ¶ 10, citing State v. Dunlap,73 Ohio St.3d 308, 314, 1995-Ohio-243. A reviewing appellate court must accept the trial court's findings of fact if they are supported by competent and credible evidence. Id.
 {¶ 10} In finding that Devore's view of S.R. 287 was not obstructed, the trial court relied on photographs of the crash scene taken the day after the accident. The photographs were admitted into evidence by Devore and captured the paving equipment exactly where it had been the night of the accident. The trial court found that these photographs showed that the paving equipment was parked well off of the roadway and out of the line of sight from where Devore had stopped. The trial court also relied on the testimony of Trooper Jones. Trooper Jones had personally inspected the scene the night the accident had occurred. He specifically testified that he had looked for visual obstructions from the point of view where Devore had been stopped and had found none. The trial court also considered the testimony of the driver of the car Devore hit and the driver of the car following the car Devore hit. Both testified that they had observed Devore's car stopped at the intersection and that no obstructions had even temporarily interfered with their view of her car. Additionally, Devore was unable to testify herself whether there were any visual obstructions in her line of sight on S.R. 287 that night.
 {¶ 11} After reviewing the evidence discussed above, we find that it is competent and credible and supports the trial court's finding that Devore's view of the highway was not obstructed. Accordingly, we find that the trial court did not err in rejecting Devore's impossibility defense, and her first assignment of error is overruled.
 Assignment of Error II {¶ 12} In her second assignment of error, Devore asserts that the trial court wrongfully convicted her based on the elements of failure to yield in response to a yield sign under R.C.4511.43(B) instead of the elements of failure to yield in response to a stop sign under R.C. 4511.43(A).
 {¶ 13} While the trial court did mention R.C. 4511.43(B), it is clear from the record that the trial court based its judgment of conviction solely on Devore's failure to yield in response to a stop sign under R.C. 4511.43(A). It was undisputed at trial that Devore had approached a stop sign at the intersection of S.R. 245 and S.R. 287. It was also undisputed that that she came to a complete stop. The trial court based its finding of guilty on the fact that nothing had obstructed Devore's view of the roadway, not on her failure to inch forward to see past the obstruction. Furthermore, the judgment entry clearly states that Devore was convicted of violating R.C. 4511.43(A). Nothing in the record suggests that the trial court did more than merely mention R.C 4511.43(B) in reaching its decision. Accordingly, Devore's second assignment of error is overruled.
 {¶ 14} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Shaw, P.J., and Bryant, J., concur.